### City of Alton, et al., v. Richard Eck.

1. BILL OF EXCEPTIONS—*what does not constitute.* A purported bill of exceptions, which, however, does not appear to have been signed by the judge and which does not show either by itself or by the certificate of the clerk making up the record that it was ever filed in the court which heard the cause, does not constitute a bill of exceptions.

2. BILL OF EXCEPTIONS—*when absence of, will result in affirmance.* Where there is no bill of exceptions in the cause, the judgment will be affirmed where no questions of law are raised which may be considered upon the remainder of the record.

Action on the case for personal injuries. Appeal from the City Court of Alton; the Hon. ALEXANDER W. HOPE, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

City of Alton v. Eck.

JOHN F. McGINNIS, for appellants.

JOHN J. BRENHOLT, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Richard Eck, appellee in this suit, was driving along Second street, in the city of Alton, late at night on May 14, 1904, when one of the wheels of the wagon in which he was riding, struck a large stone lying in the street and he was thrown from his wagon and injured. The stone which the wheel of the wagon struck, was one of a number of building stones which had been placed in the street by appellant, Horatio J. Bowman, to be used in a cellar wall which he was having constructed on a lot near by. At the time appellee was injured, there was no danger signal upon the stones in the street, but it is claimed by appellants that there were electric lights in the vicinity which caused the stones to be plainly visible.

Appellee brought suit for damages against the city of Alton and Bowman, and recovered a judgment for $500. An examination of the record in this case shows that what purports to be the bill of exceptions is not signed by the trial judge. It is further to be noted that while the order of the court required the bill of exceptions to be filed by February 1, 1905, there is nothing in the record to show when, if ever, the purported bill of exceptions was filed, and the date of the certificate at the end prepared for the signature of the judge, is left blank.

In the absence of a bill of exceptions there is no question raised by the record for the consideration of this court, and the judgment of the court below must be affirmed.

We, however, deem it proper to say that we have examined the evidence contained in the purported bill of exceptions, and that the merits of the case are with the appellee.

*Affirmed.*